Case 3:21-cr-00636-WQH   Document 120   Filed 09/18/24   PageID.563   Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of California

| | |
|---|---|
| United States of America<br>v.<br>FRANKLIN TINOCO ARAUZ (1)<br><br>Date of Original Judgment: 12/02/2023<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>)<br>)  Case No: 21cr636-WQH<br>)  USM No: _____<br>)<br>)<br>)  _____<br>)  *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant was sentenced to a below-guidelines sentence of 51 months in the custody of the Bureau of Prisons for possession of cocaine and marijuana with intent to distribute on board a vessel in violation of 46 U.S.C. § 70503 and 18 U.S.C. § 2. At sentencing, Defendant's guidelines range was 70 to 87 months. Defendant now moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) as a result of the U.S. Sentencing Commission's amendments to USSG § 4C1.1. (ECF No. 101.) Pursuant to 18 U.S.C. § 3582(c), Amendment 821, and USSC § 4C1.1, applying the new 2-level reduction for Zero-Point Offender, Defendant's adjusted offense level would be 25, with an amended guidelines range of 57-71 months. Because the low end of the amended guidelines range (57 months) is higher than Defendant's original sentence (51 months), he is ineligible for a sentence reduction under USSG § 1B1.10(b)(2)(A). Defendant contends that the Court should exercise its discretion to treat his "safety valve" as equivalent to "substantial assistance." (ECF No. 117.) The Court declines to reduce Defendant's sentence because, although Defendant had no prior criminal history and his post-conviction activities highlighted in the motion are commendable, the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. §3553(a) continues to support the sentence imposed. The 51-month custodial sentence is sufficient but not greater than necessary to comply with the purposes set forth in section 3553. The Motion for Reduction in Sentence is denied. (ECF No. 101.)

Except as otherwise provided, all provisions of the judgment dated 12/02/2023 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 09/18/2024

*Judge's signature:* William Q. Hayes

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*